United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51123
Summary Calendar

_____

ROQUE TERCERO-ARANDA,

Petitioner-Appellant,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:02-CV-241
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

An in absentia deportation order was entered against Roque Tercero-Aranda (Aranda) in 1993. Aranda has been serving a 15 year sentence in Texas state prison for burglary of a habitation. Immigration authorities have lodged a detainer against Aranda so that, when he is released by Texas authorities, he is released directly to the immigration authorities for deportation. Aranda filed a 28 U.S.C. § 2241 petition asserting that the Attorney General had custody over him by virtue of the detainer and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he should therefore be turned over immediately to immigration authorities. He further asserted that he had been under the Attorney General's constructive custody longer than was permitted and that he should simply be released from incarceration altogether. The district court denied Aranda's § 2241 petition, and we affirmed the district court's judgment.

Aranda filed a motion pursuant to FED. R. CIV. P. 60(b) in the district court. He argued that neither the district court nor this court had jurisdiction over his § 2241 petition because the Attorney General did not have custody over him and was not, therefore, a proper party-respondent to his petition. Citing Rumsfeld v. Padilla, 542 U.S. 426, 435 n.8 (2004), the district court pointed out that the Supreme Court had explicitly left open the question whether the Attorney General was a proper party-respondent in a case such as this. The district court denied Aranda's Rule 60(b) motion, and this appeal followed.

Aranda seeks to proceed in forma pauperis (IFP) in this court. There is no question that Aranda is a pauper. However, Aranda's primary argument, that a different district court ordered service of process of a § 2241 petition on a prison warden as Aranda's custodian, is insufficient to show that the district court abused its discretion in denying the Rule 60(b) motion. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). Aranda's arguments concerning mootness, ripeness, and prematurity were not raised in district court.

Because Aranda has not raised any arguable legal issues on appeal, his appeal is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Aranda's motion for IFP is therefore denied, and his appeal is dismissed.  See 5TH CIR. R. 42.2.  Aranda's motion for stay of deportation is also denied.

ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED.